9/6/2017 10:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19274044
By: Justin Kitchens
Filed: 9/6/2017 10:52 PM

## CAUSE NO. _____

| | | |
|---|---|---|
| **DENYS D. URIAS LEIVA** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **\_\_\_\_ JUDICIAL DISTRICT** |
| | § | |
| **DAVID VAN KESTER, and** | § | |
| **CENTRAL HAULING CO.** | § | **HARRIS COUNTY, TEXAS** |
| *Defendants* | | |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, DENYS D. URIAS LEIVA, hereinafter called Plaintiff, complaining of and about DAVID VAN KESTER and CENTRAL HAULING CO., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.  DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level II.

### II.  PARTIES AND SERVICE

2.      Plaintiff, DENYS D. URIAS LEIVA, is an Individual whose address is 1550 Blalock, Houston, Texas 77080.

3.      Defendant, DAVID VAN KESTER, is an individual who is a nonresident of Texas and whose home is located at 340 Womack, Dallas, Georgia, 30157, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as defendant's agent for service because was a party to a collision or accident while operating a motor vehicle in Texas. *See* Tex. Civ. Prac. & Rem. Code §§ 17.062(a), 17.063.

4.      Defendant, CENTRAL HAULING CO., is a foreign corporation organized and existing under the laws of Arkansas, whose principal office is located at 12024 Interstate 30, PO Box 847, Mabelvale, Arkansas 72103, may be with process by serving the Texas Secretary of State

Certified Document Number: 76554426 - Page 1 of 7



EXHIBIT

A

at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from defendant's business in Texas. *See* TEX. CIV. PRAC. & REM. CODE §§ 17.044(b), 17.045.

### III.  JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendant DAVID VAN KESTER operated a motor vehicle in Texas that was involved in a collision or accident.

7.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.  FACTS

8.      On or about February 23, 2017, Plaintiff was traveling in Harris County, Texas when Defendant DAVID VAN KESTER, while in the course and scope of his employment for Defendant CENTRAL HAULING CO., caused a collision with the Plaintiff. As a result of the collision, Plaintiff suffered serious bodily injuries.

### V.  PLAINTIFF'S CLAIM OF NEGLIGENCE
### AGAINST DAVID VAN KESTER

9.      Defendant DAVID VAN KESTER had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

10.     Plaintiff's injuries were proximately caused by Defendant DAVID VAN KESTER's negligent, careless and reckless disregard of said duty.

2

Certified Document Number: 7655442¶ - Page 2 of 7

11.     The negligent, careless and reckless disregard of duty of Defendant DAVID VAN KESTER consisted of, but is not limited to, the following acts and omissions:

A.      In that Defendant DAVID VAN KESTER failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.      In that Defendant DAVID VAN KESTER failed to yield as a person of prudent care would have done;

C.      In that Defendant DAVID VAN KESTER failed to turn his motor vehicle in an effort to avoid the collision complained of;

D.      In that Defendant DAVID VAN KESTER failed to operate a motor vehicle as a person using ordinary prudent care would have done;

E.      In that Defendant DAVID VAN KESTER operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway;

F.      In that Defendant DAVID VAN KESTER failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

G.      In that Defendant DAVID VAN KESTER failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

H.      In that Defendant DAVID VAN KESTER was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

I.      In that Defendant DAVID VAN KESTER failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

J.      In that Defendant DAVID VAN KESTER failed to stop at an Official-Traffic Control Device;

K.      In that Defendant DAVID VAN KESTER failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle;

L.      By stopping, standing or halting his motor vehicle in an unsafe manner; and

Certified Document Number: 76554426 - Page 3 of 7

Certified Document Number: 7655426 - Page 4 of 7

M.      By failing to move his motor vehicle off of the roadway.

## VI.  PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST CENTRAL HAULING CO.

12.      Defendant DAVID VAN KESTER was an employee of Defendant, CENTRAL HAULING CO. and was acting within the course and scope of his employer's business at the time of the loss.

13.      CENTRAL HAULING CO.'s employee had a duty to exercise the degree of care that a reasonable careful person would use to avoid harm to others under circumstances similar to those described herein.

14.      Plaintiff's injuries were proximately caused by CENTRAL HAULING CO.'s employee's negligent, careless and reckless disregard of said duty.

15.      The negligent, careless and reckless disregard of duty of by CENTRAL HAULING CO.'s employee consisted of, but is not limited to, the following acts and omissions:

A.      In that CENTRAL HAULING CO.'s employee failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.      In that CENTRAL HAULING CO.'s employee failed to yield as a person of prudent care would have done;

C.      In that CENTRAL HAULING CO.'s employee failed to turn his motor vehicle in an effort to avoid the collision complained of;

D.      In that CENTRAL HAULING CO.'s employee failed to operate a motor vehicle as a person using ordinary prudent care would have done;

E.      In that CENTRAL HAULING CO.'s employee operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff at least one-half of the roadway;

F.      In that CENTRAL HAULING CO.'s employee failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's

4

motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

G.    In that CENTRAL HAULING CO.'s employee failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

H.    In that CENTRAL HAULING CO.'s employee was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

I.    In that CENTRAL HAULING CO.'s employee failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

J.    By stopping, standing or halting his motor vehicle in an unsafe manner; and

K.    By failing to move his motor vehicle off of the roadway.


## VII.  DAMAGES FOR PLAINTIFF DENYS D. URIAS LEIVA

16.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff DENYS D. URIAS LEIVA, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, DENYS D. URIAS LEIVA for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place that the services were provided;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

Certified Document Number: 76554426 - Page 5 of 7

E.      Loss of earnings in the past;

F.      Loss of earning capacity which will, in all probability, be incurred in the future;

G.      Loss of Household Services in the past;

H.      Loss of Household Services in the future;

I.      Mental anguish in the past;

J.      Mental anguish in the future;

K.      Disfigurement in the past;

L.      Disfigurement in the future;

M.      Physical impairment sustained in the past;

N.      Physical impairment which will, in all probability, be sustained in the future; and

O.      Property damage, storage, towing and rental expenses.

## VIII.  DEMAND FOR TRIAL BY JURY

17.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.  REQUEST FOR DISCLOSURE

18.     Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## X.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, DENYS D. URIAS LEIVA, respectfully prays that the Defendants, DAVID VAN KESTER and CENTRAL HAULING CO., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional

6

limits of the Court; together with pre-judgment interest (from the date of injury through the date

of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs

of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Bergquist Law Firm

By: _____
**David W. Bergquist**
Texas Bar No. 24040512
**Terry McGovern**
Texas Bar No. 24102180
1333 West Loop S, Suite 1700
Houston, Texas 77027
Tel: (713) 655-8000
Fax: (713) 739-0000
service@bergquistlawfirm.com
Attorneys for Plaintiff
*DENYS D. URIAS LEIVA*

7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2017

Certified Document Number:        76554426 Total Pages:  7

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**